Joyce A. NICHOLS and Ronald
Nichols, Appellants,

v.

Gerald E. HOCKE, Appellee.

No. 64891.

Supreme Court of Iowa.

Oct. 15, 1980.

John T. Nolan and Marc B. Moen, of
Lucas, Nolan & Bohanan, Iowa City, for
appellants.

Patrick M. Ryan of Goedken, Hintermeister & Ryan, Muscatine, for appellee.

HARRIS, Justice.

We granted permission for this interlocutory appeal which challenges a trial court order for a pretrial hearing. The stated purpose of the hearing was to require plaintiffs to substantiate a claim for punitive damages. We find no authority to require such a claim to be established in advance of trial. Hence we reverse the trial court.

This is a tort suit which arose from a two-car accident. It is claimed defendant's vehicle struck plaintiffs from the rear. Plaintiffs' punitive damage claim came into the case by a late amendment filed by plaintiffs with permission. Iowa R.Civ.P. 88. Plaintiffs sought to support the claim for punitive damages by alleging defendant was intoxicated at the time of the accident. Under Iowa law exemplary damages may be recovered against one who causes injury by operating a motor vehicle while intoxicated. *Sebastian v. Wood*, 246 Iowa 94, 106, 66 N.W.2d 841, 848 (1954). The record does not support defendant's belief that permission to file the late amendment was conditioned on the requirement to establish the punitive claim at a pretrial hearing. We express no views upon the power of the trial court to so conditionally allow a late amendment. It is enough here to consider whether a trial court generally holds the power to require a pretrial showing in order to present a punitive damages claim at trial.

The trial court entered the order setting a pretrial evidentiary hearing at which plaintiffs were to show that defendant was intoxicated and that this intoxication was a direct and proximate cause of their injuries. Plaintiffs were also to show their damages and that defendant's conduct was deliberate, willful, and malicious so as to entitle plaintiffs to exemplary damages. The trial court stated: "The purpose of the pretrial evidentiary hearing will be to determine whether or not the plaintiffs have sufficient evidence to permit the court to submit these issues to the jury." From the order setting the hearing the plaintiffs have brought this interlocutory appeal.

We agree with the plaintiffs that a trial court has no power under the rules of civil procedure, nor does it have the inherent power, to require the plaintiffs make successive showings on their claim for punitive damages. Two justifications are suggested as a basis for finding the inherent power. First it is argued that requiring a pretrial showing would economize trial and jury

time. But we believe our existing rules provide adequate means where it would be appropriate to separately dispose of a frivolous claim. A party can move under Iowa R.Civ.P. 186 for a separate trial on any issue. At the pretrial stage our provisions for summary judgments under Iowa R.Civ.P. 237–240 are sufficient for dealing with frivolous suits. Adequacy of our existing practice is also demonstrated by the fact that a trial court can consider evidentiary matters raised by appropriate motion, such as a motion in limine. We think it is neither necessary nor appropriate to superimpose this additional means for summary disposition.

It is also suggested that the hearing ordered by the trial court would improve the quality of justice in a trial because it would keep from the ears of the jury evidence which might prejudice them. Whatever merit there might be in the argument the same can be said of our procedure for summary judgments. To whatever extent it might be imagined that the procedure attempted here would go further in rooting out prejudice, we reject the procedure because the imagined improvement comes at too high a price in expense to the litigants.

We hold that the trial court lacked authority to enter the order for pretrial hearing. That order is reversed and the case is remanded for further proceedings in conformance herewith.

REVERSED AND REMANDED.